UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWIN RICARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04747-JMS-DML |
| | ) |
| GEO GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Edwin Ricard, at all relevant times incarcerated at New Castle Correctional Facility ("New Castle"), filed this civil rights action alleging that the defendants violated his civil rights by failing to repair the toilet in his cell in a timely manner. The defendants—the GEO Group, Inc.; Custody Sergeant E. Ndiaye; Custody Sergeant Brandon Worth; Custody Officer R. Sturgeon; Grievance Specialist Hannah Winningham; Custody Officer Fisher; and Custody Officer O. Ogike—have moved for summary judgment. Mr. Ricard has not responded to the motion for summary judgment, and the deadline to do so has passed. For the following reasons, the defendants' motion for summary judgment is granted.

## I.     Summary Judgment Standard

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party

1

must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Because Mr. Ricard did not respond to the motion for summary judgment, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard, but it does "reduc[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.     Background

In his Complaint, Mr. Ricard alleged that the toilet in his cell was broken from September 24, 2019, until October 10, 2019; that the correctional officers on his unit ignored his requests for

help and laughed at him; and that he suffered physical and mental distress as a result. He also alleged he was unable to practice his religion according to the tenets of his Hebrew Israelite faith due to the unsanitary conditions in his cell. In its screening order, the Court permitted Mr. Ricard to proceed with Eighth Amendment, First Amendment,[1] Religious Land Use and Institutionalized Person Act (RLUIPA), Indiana's Religious Freedom Restoration Act (RFRA), and Indiana state tort claims. Dkt. 6.

### III. Undisputed Facts

Because Mr. Ricard did not respond to the defendants' motion for summary judgment, the following facts are deemed admitted.

New Castle is run by GEO Group ("GEO"), a private corporation. In the fall of 2019, Mr. Ricard was incarcerated in cell 211 in the M Unit at New Castle, along with his cellmate Freddie Bailey.[2] Dkt. 1 at 3. Maintenance personnel are present in the Annex portion of New Castle, where Mr. Ricard is housed, and perform various repairs and replacement of items within the housing unit on a daily basis. Dkt. 19-1 at ¶ 9.

Hannah Winningham is a GEO employee and the grievance specialist at New Castle, and she processed two grievances filed by Mr. Ricard's cellmate although she received no grievances

---

[1] The Court permitted these claims "as submitted." With respect to Mr. Ricard's First Amendment claim, he stated, "The defendants violated the 1st Amendment (U.S.) . . . by substantially burdening Plaintiff's sincerely held beliefs." Dkt. 1 at 13, ¶ 34. Mr. Ricard did not allege a First Amendment retaliation claim, and accordingly the Court need not address the defendants' argument related to retaliation, *see* dkt. 18 at 11–12.

[2] Mr. Bailey has also filed a civil rights action asserting similar claims. *See Bailey v. GEO Group, Inc., et al.*, 1:19-cv-04750-JRS-DLP.

from Mr. Ricard. Dkt. 19-2 at ¶¶ 1–7. Captain Richey Adams is a GEO employee and at the time was the supervisor of defendants Ndiaye, Worth, Sturgeon, Fisher, and Ogike. Dkt. 19-1 at ¶¶ 1–4.

On September 16, 2019, a new toilet/sink combo unit was ordered to be installed in cell 211. Dkt. 19-3 at 1–3. On September 17, 2019, the new toilet/sink combo unit was installed. *Id.* On September 19, 2019, Captain Adams received a communication through Case Manager Jones from Defendant Worth that Mr. Ricard's toilet was not working properly. Dkt. 19-1 at ¶ 6; dkt. 19-4 at 1. That same day, Captain Adams submitted a request for the toilet to be repaired and noted the issue with the toilet. *Id.* On September 20, 2019, the newly installed toilet was repaired by maintenance. Dkt. 19-3 at 4. Following this repair, the toilet in cell 211 was noted as "working fine now." *Id.*

Although the repairs to the toilet in cell 211 were made and the toilet was reported to be working properly, on October 2 and October 7, 2019, Mr. Ricard's cellmate submitted grievances to Ms. Winningham alleging the toilet was broken. Dkt. 19-2 at ¶ 7; dkt. 1-1[3] at 3, 5. Ms. Winningham investigated the grievances by contacting maintenance personnel, and she was informed that "maintenance work had occurred, that the matter had been resolved, and that the plumbing in the cell was working properly." Dkt. 19-2 at ¶ 7. On October 8, 2019, she "was informed that the toilet issue had been resolved for some time." *Id.* at ¶ 10. In light of the repeated

---

[3] The defendants cite to docket 19-5, but that exhibit contains Mr. Ricard's medical records. The Court observes that the fifth exhibit in support of the motion for summary judgment in Mr. Ricard's cellmate's case in case number 1:19-cv-04750-JRS-DLP contain grievance records. Because Mr. Ricard included the grievance records as an exhibit to his complaint, dkt. 1-1, the Court cites to his exhibit.

grievances, maintenance personnel further inspected the toilet on October 10, 2019, and reported back to Ms. Winningham that the toilet was still working properly. *Id.*

As a result of her investigation, each grievance filed by Mr. Ricard's cellmate was returned as resolved in light of the maintenance to the toilet having previously occurred. Dkt. 19-2 at ¶ 7. Ms. Winningham never received any grievances about the condition of the cell from Mr. Ricard, only seeing the two he submitted with his Complaint upon her review of the Complaint. *Id.* at ¶ 6. Within his Complaint, Mr. Ricard stated that he was permitted the use of a plunger. Dkt. 1 at 8. Captain Adams also confirmed that, at some point, Mr. Ricard was permitted the use of a plunger after he requested one. Dkt. 19-1 at ¶ 8.

Mr. Ricard's medical records include a chronic care visit on October 7, 2019, where he indicated that he had "[n]o complaints today." Dkt. 19-5 at 1. Mr. Ricard was not seen by medical again until October 25, 2019, when he refused to be seen for a psychological evaluation although he was observed. *Id.* at 5–7. On October 28, 2019, Mr. Ricard's chart was updated to show that he refused a flu shot. *Id.* at 9. During a nurse visit on November 18, 2019, Mr. Ricard, for the first time, reported that his toilet was broken from September 24 through October 10, 2019, which "prohibited him and his Bunkie from using it regularly." *Id.* at 14. Mr. Ricard told the nurse that the broken toilet caused him to experience constipation and abdominal pain. *Id.* at 12, 14.

At no time was Captain Adams made aware of any complaints concerning the guards on the M unit from Mr. Ricard, including the other named defendants. *Id.* at ¶¶ 4–5. Mr. Ricard did not file any grievances about the defendants, and the employment records of the defendants do not contain any substantiated or unsubstantiated claims of retaliatory or abusive conduct. Dkt. 19-2 at

¶¶ 12–14. Mr. Ricard did not file a grievance alleging that he was unable to practice his religion due to the conditions of his cell, although that is a grievable issue. *Id.* at ¶ 11.

Based on his memory and the records in existence concerning the toilet repair in cell 211, Captain Adams was aware of no extended period of time that Mr. Ricard was without a working toilet. Dkt. 19-1 at ¶ 10. When repairs to Mr. Ricard's toilet occurred, he was moved to another cell where he had access to a working toilet. *Id.* at ¶ 12.

## IV. Discussion

For the following reasons, summary judgment must be granted for the defendants on all federal claims, and the Court will relinquish supplemental jurisdiction on the state-law claims.

### A. Eighth Amendment

A prison official violates the Eighth Amendment's prohibition on cruel and unusual punishment when the official's act or omission results "in the denial of the minimal civilized measure of life's necessities," and the official committed the act or omission with "deliberate indifference" to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation and quotation marks omitted). "Minimum necessities in prison include 'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.*, hot and cold water, light, heat, plumbing).'" *Hill v. Nicholson*, 829 F. App'x 141, 142 (7th Cir. 2020) (quoting *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)).

To establish deliberate indifference, Mr. Ricard must "demonstrate that the defendants acted with knowledge that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir.

2014). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation and quotation marks omitted).

The undisputed evidence shows that a new toilet was installed in Mr. Ricard's cell on September 17, 2019. When it malfunctioned, a work order was placed on September 19, and the toilet was repaired the following day. Whenever work was done on the toilet, Mr. Ricard was placed in a different cell with a functioning toilet.

Mr. Ricard's cellmate submitted two grievances in early October 2019 to Ms. Winningham complaining that the toilet was not working. Ms. Winningham investigated the claims by contacting maintenance, who checked on the toilet and found it to still be in working order. Mr. Ricard was provided a plunger when he requested one.

There is no evidence that Mr. Ricard was subjected to unconstitutional conditions of confinement because he has failed to rebut the defendants' evidence that the toilet remained functional after the September 20 repair. Nor did he present evidence that the defendants "disregarded t[he] risk [of harm] by failing to take reasonable measures to abate it." *Townsend*, 759 F.3d at 687. The toilet was inspected upon receipt of the grievances, and Mr. Ricard was provided a plunger when he requested one. No reasonable factfinder could find that the officers on Mr. Ricard's unit—defendants Ndiaye, Worth, Sturgeon, Fisher, and Ogike—were deliberately indifferent to the conditions of his cell, and summary judgment must be granted in their favor on his Eighth Amendment claims.

Mr. Ricard has failed to prove that GEO has an unconstitutional practice or policy with respect to maintaining New Castle's facilities. Because GEO acted under color of state law by contracting to perform a government function—running a correctional facility—it is treated as a government entity for purposes of Section 1983 claims. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 786 (7th Cir. 2014) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978)). To prove a deliberate indifference claim against GEO, Mr. Ricard must establish (1) that he suffered a constitutional deprivation and (2) that the deprivation was the result of an express policy or custom of GEO, *id.*, or due to its failure to promulgate a necessary policy, *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017). Mr. Ricard failed to show that the individual defendants were deliberately indifferent to the conditions in his cell. It is well established that where there is no evidence of any constitutional violation, any claim based on an unconstitutional policy necessarily fails. *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008) (collecting cases). Moreover, the evidence shows that maintenance staff responded quickly to repair Mr. Ricard's toilet when it was reported to be leaking.

### B. RLUIPA and the First Amendment

In his complaint, Mr. Ricard alleged that he is a Hebrew Israelite and that he "wasn't able to conduct proper prayer actions as commanded by God" due to the conditions of his cell. Dkt. 1 at 8–9. As such, he claims that violations of the First Amendment and RLUIPA occurred.

RLUIPA provides broader protection of religious practice than the First Amendment, *see Holt v. Hobbs*, 574 U.S. 352, 357-58 (2015), so the Court will apply RLUIPA's standard to Mr. Ricard's claim. Under RLUIPA, the IDOC may not impose "a substantial burden on the

religious exercise" of inmates, unless it "demonstrates that imposition of the burden . . . (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). A substantial burden is one that "'seriously' violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015) (quoting *Schlemm v. Wall*, 784 F.3d 362, 364–65 (7th Cir. 2015)). The inmate "bears the burden of persuasion on the issue of whether the challenged practices substantially burden the exercise of their religion." 42 U.S.C. § 2000cc–2(b); *Holt*, 574 U.S. at 361. Once the inmate establishes a substantial burden on his exercise of religion, the burden shifts to the defendants to show that their actions were "(1) [] in furtherance of a compelling governmental interest; and (2) [] the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

The undisputed evidence shows that when the toilet in Mr. Ricard's cell required maintenance, the toilet was promptly repaired. Mr. Ricard did not file any grievance alleging he was unable to practice his religion due to unsanitary conditions in his cell. Thus, there is no evidence that the actions of the defendants in any way imposed on Mr. Ricard's free practice of his religion. Summary judgment is granted for the defendants on Mr. Ricard's RLUIPA and First Amendment claims.

### C. State-Law Claims

Mr. Ricard's tort and RFRA claims are rooted in Indiana law. Because they were joined with his Eighth Amendment, RLUIPA, and First Amendment claims, the Court exercised supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. With all federal claims now

dismissed, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the state-law claims. For the reasons that follow, the Court relinquishes supplemental jurisdiction over Mr. Ricard's state-law claims and dismisses them without prejudice.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

"While the court's decision is discretionary, when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Petropoulos v. City of Chi.*, 2021 WL 1103480, at *9 (7th Cir. Mar. 23, 2021) (cleaned up). The presumption may be rebutted (1) if dismissal of the state claim would create problems under the statute of limitations; (2) if the court has "devoted substantial resources to the dispute;" or (3) "if it is easy to resolve the state-law claims." *Id.* (internal citations omitted).

The Court finds no reason to deviate from the usual practice in this case. The statute of limitations will not have run on Mr. Ricard's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited

circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). The Court has not expended significant resources on the pending state-law claims, and the Court does not expect that the parties' efforts with respect to those claims in discovery and briefing will go to waste. The evidence and legal research that would have been relevant in a federal case should be every bit as relevant in a state-court proceeding. Finally, as always, comity favors allowing state courts to decide issues of state law.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over Mr. Ricard's state tort and RFRA claims.

### V. Conclusion

For the reasons explained above, the defendants' unopposed motion for summary judgment, dkt. [17], is **granted** insofar as the Court grants judgment as a matter of law in the defendants' favor on Mr. Ricard's Eighth Amendment, First Amendment, and RLUIPA claims.

The Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

Final judgment consistent with this entry shall now issue. Mr. Ricard's Eighth Amendment claims, First Amendment, and RLUIPA claims are **dismissed with prejudice**, and his RFRA and state tort claims are **dismissed without prejudice**.

**IT IS SO ORDERED.**

Date: 4/23/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWIN RICARD
202285
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com